Argued and submitted May 24, affirmed July 8,
reconsideration denied September 2,
petition for review denied September 21, 1982 (293 Or 521)

COLE,
*Appellant,*

*v.*

CHEMEKETA COMMUNITY COLLEGE,
*Respondent.*

(No. 119,289, CA A22436)

647 P2d 935

William B. Wyllie, Salem, argued the cause and filed the brief for appellant.

William G. Paulus, Salem, argued the cause for respondent. With him on the brief was Ronald J. Knox, Salem.

Before Joseph, Chief Judge, and Thornton and Van Hoomissen, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff, a management employe at defendant community college for more than three years, was terminated for insubordination and failure to obey college policy. As a management employe, he was not covered by a collective bargaining agreement, nor was he subject to the state's collective bargaining laws. ORS 243.650(14), (17)[1]; ORS 243.662.[2] His rights and responsibilities as an employe were controlled by the terms of his contract and the defendant's Administrative Policy Handbook, which was expressly incorporated in the contract. Pursuant to the handbook, he was afforded an opportunity to be heard on the charges brought against him. Defendant's board of education sustained the termination. More than 60 days later plaintiff filed this action for breach of contract. The trial court granted defendant's motion for judgment on the pleadings, ruling that plaintiff's recourse for review of the termination was limited to a writ of review pursuant to ORS 34.010 *et seq.* Plaintiff appeals, and we affirm.

Plaintiff concedes that, if the defendant's board was a "tribunal" that was exercising "judicial or quasi-

---

[1] ORS 243.650(14),(17) provide:

"As used in ORS 243.650 to 243.782, unless the context requires otherwise:
* * *

"(14) 'Supervisory employe' means any individual having authority in the interest of the employer to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward or discipline other employes, or having responsibility to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection therewith, the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.
* * *

"* * * * *

"(17) 'Public employe' means an employe of a public employer but does not include elected officials, persons appointed to serve on boards or commissions or persons who are 'confidential employes' or 'supervisory employes'."

[2] ORS 243.662 provides:

"Public employes have the right to form, join and participate in the activities of labor organizations of their own choosing for the purpose of representation and collective bargaining with their public employer on matters concerning employment relations."

judicial functions" within the meaning of ORS 34.040,[3] his remedy was limited to a writ of review and that that remedy had to be sought within 60 days of the date of the termination. ORS 34.030.[4] ORS 341.290 provides, in relevant part:

"The board of education of a community college district shall be responsible for the general supervision and control of any and all community colleges operated by the district. Consistent with any applicable rules of the State Board of Education, the board may:

"(1) Subject to ORS ch 237 [relating to public employes' retirement], employ administrative officers, professional personnel and other employes, define their duties, terms and conditions of employment and prescribe compensation therefore, pursuant to ORS 243.650 to 243.782 [relating to collective bargaining]."

There is no statutory procedure for community college personnel similar to the Fair Dismissal Law applying to

---

[3] ORS 34.040 provides:

"The writ shall be allowed in all cases where the inferior court including a district court, officer, or tribunal other than an agency as defined in ORS 183.310(1) in the exercise of judicial or quasi-judicial functions appears to have:

"(1) Exceeded its jurisdiction;

"(2) Failed to follow the procedure applicable to the matter before it;

"(3) Made a finding or order not supported by substantial evidence in the whole record;

"(4) Improperly construed the applicable law; or

"(5) Rendered a decision that is unconstitutional,

"to the injury of some substantial interest of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ."

[4] ORS 34.030 provides:

"The writ shall be allowed by the circuit court, or, in counties where the county court has judicial functions, by the county court wherein the decision or determination sought to be reviewed was made, upon the petition of the plaintiff, describing the decision or determination with convenient certainty, and setting forth the errors alleged to have been committed therein. The petition shall be signed by the plaintiff or his attorney, and verified by the certificate of an attorney to the effect that he has examined the process or proceeding, and the decision or determination therein, and that it is erroneous as alleged in the petition. A writ shall not be allowed unless the petition therefor is made within 60 days from the date of the decision or determination sought to be reviewed."

school districts. *See* ORS 342.805 *et seq.* Plaintiff acknowledges that he was afforded all of his rights and privileges under the provisions of the Administrative Policy Handbook.

*Henthorn v. Grand Prairie School Dist.,* 287 Or 683, 601 P2d 1243 (1979), involved a probationary teacher who sought a writ of review challenging the defendant school board's refusal to renew his employment contract. The school district successfully moved to quash the petition for writ of review. This court upheld that decision on the ground that the trial court had no jurisdiction because the proceedings before the school board did not involve the performance of a "judicial or quasi-judicial function." *See* 39 Or App at 355. On review of our decision, the Supreme Court held that, taken together, ORS 342.835(2) and (3), provisions of the Fair Dismissal Law, evidenced the intention of the legislature that "nonrenewed" probationary teachers be provided "rudimentary fair procedures by notice and hearing," 287 Or at 691, by which to challenge a nonrenewal decision. The court held

"* * * that the 'function' to be performed by a school board under the procedure provided by ORS 342.835 * * * is 'quasi-judicial' within the meaning of ORS 34.040 * * * and that in such a 'proceeding' the board is required to make a 'decision or determination' within the meaning of ORS 34.020. [Footnote omitted.]" 287 Or at 691.

In *Maddox v. Clac. Co. Sch. Dist. No. 25,* 293 Or 27, 643 P2d 1253 (1982), a terminated probationary teacher filed an action for breach of contract. After notice of dismissal, he had requested and received an informal public hearing before the school district board, which had then voted to affirm its decision to terminate his employment. This court affirmed the trial court's holding that the plaintiff could not avoid the limited statutory review granted under ORS 342.835(3)[5] by bringing an action for breach of contract. On review of our decision, the Supreme Court said:

---

[5] The *Henthorn* decision had been codified by Or Laws 1981, ch 323, § 1, amending ORS 342.835(3) to read:

"If an appeal is taken from any hearing, the appeal shall be to the circuit court for the county in which the headquarters of the school district is located and shall be limited to the following:

"In sum, the contract [between Maddox and the school district] provides for a contractual term of employment subject to statutory termination provisions. Termination is not elsewhere dealt with in the contract. Although the contract is for a specified term, it does not purport to eliminate or modify the controlling effect of ORS 342.835. * * * This contract purports only to jointly acknowledge that the terms of the agreement of the parties are subject to state laws, of which ORS 342.835 governing termination is one. In other words, termination grounds and procedures are governed by a source other than the contract and the contract notes the existence and controlling effect of that other source.

"Those interests of the parties which exist by virtue of the contract *(e.g.,* compensation) may be protected by contract remedies. Plaintiff's freedom from improper termination, however, does not arise from the contract. That interest exists by virtue of the statute. His remedies also exist by virtue of the statute. * * *

"Plaintiff argues that we should construe [the statute] to allow for alternative remedies because the statutory remedy is inadequate. Specifically, he argues that we should recognize the contract remedy because a probationary teacher who is successful in the writ of review proceeding may not be awarded damages. Statutes need not create a complete remedy for vindication of statutorily created interests * * *, and where they do not, it is not for the courts to fill the statutory gaps. We note, however, had the termination been set aside on writ of review, the reviewing court was authorized to award 'restitution,' ORS 34.100. * * *" 293 Or 33-34.

The court held that plaintiff's cause of action for breach of contract was properly dismissed.

In *Henthorn* and *Maddox,* the Supreme Court pointed to a statute, treated that statute as incorporated in the employment contract and found in the statute the basis for concluding that the school district boards' actions were

---

"(a) The procedures at the hearings;

"(b) Whether the written copy of reasons for dismissal required by this section was supplied; and

"(c) In the case of nonrenewal, whether notice of renewal was timely given."

"quasi-judicial." In this case, there is no statutory requirement for a due process-type proceeding.[6] Instead, the Board of Education exercised its authority under ORS 341.290(1) to "define [the] duties, terms and conditions of employment" of personnel in plaintiff's position. The terms and conditions were set forth in the handbook, and the handbook was incorporated by reference in the contract of employment. The interests of the parties existed by reason of the provisions of the handbook, not merely by the terms of the contract. Under the handbook the Board of Education made a "decision or determination" (ORS 34.020) in the exercise of a jurisdiction accorded by law under a particular procedure applicable to the matter before it, and the decision was based on the facts and arguments presented to it. We perceive no substantive distinction between the function of defendant's board in in the exercise of its statutory authority and the statutory functions of the "tribunal" in *Henthorn* and *Maddox*. We hold that the defendant's Board of Education was exercising a "quasi-judicial" function, and its decision was subject to review by a writ of review and not otherwise.

Affirmed.

---

[6] No challenge is raised here to the adequacy of the proceeding, and we need not decide whether the handbook provisions are required by due process considerations or whether they are adequate.