# GARY D. DAVIS,
*Appellant,*

*v.*

# TOOMBS et al,
*Respondents.*

## (86-C-10234; CA A40880)

759 P2d 277

Roy Pulvers, Portland, argued the cause for appellant. With him on the brief was Stoel, Rives, Boley, Fraser & Wyse, Portland.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff, an inmate at the Oregon State Penitentiary (OSP), brought this action under 42 USC § 1983 for declaratory and injunctive relief, damages and attorney fees, alleging violation of his federal and state constitutional rights by a prison disciplinary proceeding and the resulting sanction. The circuit court held that ORS 421.195 provides the exclusive method of review of disciplinary orders and that plaintiff's only remedy is an appeal to this court under that statute. On that basis, it dismissed the complaint for lack of subject matter jurisdiction. We affirm in part and reverse in part.

Plaintiff's complaint alleges that defendants administer a urinalysis drug testing program at the state penitentiary; that approximately 5 percent of the inmate population is tested each month at random; that an inmate who refuses to submit to a test faces disciplinary sanctions for that refusal; that plaintiff was selected for a random urine test, following which he was charged with violation of the rule against possession for use of contraband (marijuana); that at the disciplinary hearing plaintiff denied the charge but was denied the opportunity to present documentary evidence and expert testimony regarding the reliability of the drug test and procedures used by defendants; that he was found guilty and was ordered to serve one month in segregation and isolation; and that the drug test was unreliable and the procedures used by defendants were faulty. The complaint also alleges that defendants, acting under color of state law, have knowingly and intentionally deprived plaintiff of his federal constitutional right not to be deprived of liberty or property without due process of law.

Plaintiff prayed for a declaration that defendants' drug testing program violates plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution, for an injunction enjoining defendants from specified conduct, for damages and for attorney fees under 42 USC § 1988.

After both parties moved for summary judgment, the trial court, on its own motion, dismissed the action on the

ground that ORS 421.195[1] provides the exclusive remedy for the adjudication of plaintiff's claims under both the state and federal constitutions. We agree that ORS 421.195 provides the exclusive remedy for testing the procedures underlying plaintiff's disciplinary proceeding and sanction insofar as his challenge is founded on state law. *See Chochrek v. Cupp,* 23 Or App 1, 541 P2d 495 (1975), *overruled on other grounds, Rutherford v. OSP,* 39 Or App 431, 592 P2d 1028 (1979).

■   With respect to plaintiff's section 1983 claims, however, the question is different, because plaintiff seeks relief that this court could not afford him on direct review under ORS 421.195. In this respect, this case is similar to *Maddox v. Clac. Co. Sch. Dist. No. 25,* 293 Or 27, 643 P2d 1253 (1982), in which the plaintiff brought an action in the circuit court alleging a breach of contract and a claim under section 1983 after being fired as a teacher during the probationary period. The court held that the breach of contract claim was properly dismissed, because ORS 342.835 provided the exclusive remedy for that claim by writ of review in the circuit court. The court held, however, that the trial court had jurisdiction to hear the section 1983 claim:

> "Assuming plaintiff could establish a violation of his constitutional rights in that [writ of review] proceeding, he could not necessarily be awarded the full scope of damages awardable in a § 1983 suit. Therefore, resort to a § 1983 action would eventually be necessary. In addition, the federal courts have not required exhaustion of state judicial remedies before hearing a § 1983 claim." 293 Or at 35.

As in *Maddox,* had plaintiff sought direct review of the disciplinary order in this court, we could not have awarded

---

[1] ORS 421.195 provides:

"If an order places an inmate in segregation or isolation status for more than seven days, institutionally transfers the inmate for disciplinary reasons or provides for nondeduction from the term of the sentence under ORS 421.120(1)(a) and (b), the order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 30 days of the order for which review is sought. The division shall transmit to the court the record of the proceeding, or, if the inmate agrees, a shortened record. A copy of the record transmitted shall be delivered to the inmate by the division. The court may affirm, reverse or remand the order on the same basis as provided in ORS 183.482. The filing of the petition shall not stay the division's order, but the division may do so, or the court may order a stay upon application on such terms as it deems proper."

the declaratory or injunctive relief that he seeks or monetary damages or attorney fees. Accordingly, we conclude that the circuit court has jurisdiction of plaintiff's section 1983 claims and, therefore, erred in dismissing those claims for want of subject matter jurisdiction.

Judgment dismissing section 1983 claims reversed; otherwise affirmed; remanded.