Argued and submitted December 23, 1998, reversed and remanded July 7, 1999

# Sandra K. CLOYD,
*Appellant,*

*v.*

# LEBANON SCHOOL DISTRICT 16C,
District School Board of Lebanon School District 16C,
Lebanon School District UH-1 and
District School Board of Lebanon School District UH-1,
*Respondents.*

## (910896; CA A97020)

985 P2d 232

David Jensen argued the cause for appellant. With him on the briefs was Jensen, Elmore & Stupasky, P.C.

Paul J. Weddle argued the cause for respondents. On the brief was Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C.

Before, Haselton, Presiding Judge, and Linder and Wollheim, Judges.

LINDER, J.

**LINDER, J.**

Petitioner appeals a judgment dismissing this case with prejudice. Petitioner assigns error to the dismissal, which was based on the trial court's determination that petitioner's exclusive remedy was by writ of review and that her petition seeking that remedy was filed too late. On appeal, petitioner does not dispute that she waited too long to file her petition for a writ of review. She contends, however, that such a proceeding was not her exclusive remedy and that the trial court therefore erred in dismissing her complaint alleging breach of contract. We reverse and remand.

■ The trial court granted respondents' motion to dismiss, concluding that it lacked "jurisdiction." We review for errors of law. *See Shockey v. City of Portland*, 313 Or 414, 418-22, 837 P2d 505 (1992) (applying that standard of review to issues similar to the ones presented here). The parties agree on the pertinent facts, which we take from the allegations in petitioner's pleadings, as well as from certain documents that the parties agreed the trial court could consider in ruling on the motion to dismiss.

Petitioner was employed as the Director of Fiscal Services by both of the respondent school districts. In January 1991, petitioner and the districts entered into a "Supplemental Employment Agreement," which extended an earlier 1987 employment agreement and which provided that petitioner would serve as the districts' Director of Fiscal Services "to and including June 30, 1993." The 1991 supplemental agreement also provided that it could "be terminated before the agreed date of expiration under the following conditions:"

"a. By mutual agreement of the parties to terminate the agreement.

"b. By the Districts if the Director of Fiscal Services, by reason of disability, is unable to perform her duties * * *.

"c. The District may terminate this employment contract *prior to its termination date with the Director of Fiscal Services*' written concurrence provided the district has good and just cause.

"Good and just casue [*sic*] for termination shall constitute conduct which is materially damagining [*sic*] or prejudicial to the District."[1]

The agreement stated that "[t]ermination for just cause" could occur "only following pre-termination notice of at least 10 days, containing specific charges, and an opportunity to meet with the Districts." The agreement further provided for the opportunity for a "due process hearing:"

"Prior to termination, the Director of Fiscal Services shall be entitled to a written statement of grounds for proposed termination and, thereafter, a due process hearing. At said hearing, the Director of Fiscal Services shall be entitled to representation by legal counsel, at (his) (her) own expense, the opportunity to confront witnesses called on behalf of the District and the right to a written decision describing findings and conclusions of the District. The burden of proof shall rest upon the District in such proceeding. This provision does not copnstitute [*sic*] a waiver of any rights the District or the Director of Fiscal Services may have to enforce this employment contract."

According to the agreement, the parties also

"understood and agreed * * * that the validity and legal effect of th[e] agreement is subject to the applicable laws of the State of Oregon, the duly adopted rules of the State Board of Education and of the Districts; by this reference said laws and rules are made a part of this agreement the same as if fully set forth herein."

Neither petitioner nor the districts suggests that there are any pertinent State Board rules, but the districts cite and rely on one of their own rules, which the trial court considered in ruling on the motion to dismiss:

"Any employee may be dismissed at any time for cause and through the provisions of the Oregon Statutes. Permanent employees have the right of access to and use of the Fair Dismissal Appeals Board; other employees may request a hearing with the Board, unless otherwise provided in a collective bargaining agreement."

---

[1] The agreement uses the terms "District" and "Districts" apparently interchangeably.

The parties agree that petitioner is not subject to the jurisdiction of the Fair Dismissal Appeals Board. *See* ORS 342.815 to 342.937 (regarding dismissal of contract teachers subject to the Board's jurisdiction). They also agree that no collective bargaining agreement applies.

On April 2, 1991, the districts gave petitioner written notice that they were considering terminating her employment because she had made certain "budget adjustments" without board approval. On April 9, 1991, after she had met with the Assistant Superintendent, the districts gave her written notice that she would be terminated "for good and just cause," based on the same allegations, "effective April 15, 1991." She then requested and received a hearing. After that hearing and after the districts' boards decided that she had been terminated for "good and just cause," petitioner filed a complaint alleging that both districts had breached the "supplemental employment agreement" by "terminating [her employment] on June 27, 1991 without her written concurrence" and without "good and just cause," and by "failing to provide [her] with a due process termination hearing." The districts subsequently moved to dismiss petitioner's complaint on the basis that her "sole remedy" was by writ of review and that she had "failed to pursue that remedy." The trial court agreed, concluding that the hearing held before the districts' boards "had the trappings of a quasi judicial proceeding" and that writ of review was "the appropriate" remedy. The trial court ordered dismissal of petitioner's complaint but nevertheless allowed her to file an amended pleading.[2]

Petitioner then filed a petition and later an amended petition for a writ of review.[3] After a trial to the court, the trial judge concluded that the districts had "good and just cause" for terminating the employment agreement. The trial court further concluded, however, that the districts had

---

[2] The trial court did not enter a judgment after ordering the dismissal of the complaint.

[3] Although petitioner was named as the plaintiff in the breach of contract complaint, she was denominated as the petitioner in the writ of review pleadings, which bear the same trial court case number as those filed in the contract action. Because she is identified as the petitioner in the judgment, we refer to her by that title in this opinion.

denied petitioner a "due process hearing" because board members "were exposed to considerable *ex parte* contact from persons attempting to influence [them] in making [their] decision" and because "one or more members of the boards communicated their inclination to pre-judge th[e] decision prior to the due process hearing" and improperly shifted the burden of proof onto petitioner. Subsequently, however, the districts filed a motion to dismiss, contending that the writ of review petition was not timely filed. *See* ORS 34.030 (writ "shall not be allowed unless the petition therefore is made within 60 days from the date of the decision or determination sought to be reviewed"). The trial court agreed and dismissed the case.

■     On appeal, petitioner does not quarrel with the trial court's decision that her request for the issuance of a writ of review was not timely, but she contends that the court erred in concluding that a writ of review proceeding was her only remedy. We agree; we therefore reverse and remand.

ORS 34.020 provides that, with certain exceptions that do not apply here:

> "Any party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100 [that is, by writ of review], *and not otherwise. * * *.*"[4]

(Emphasis added.) In a series of decisions, which the parties cite and whose significance they debate, both the Oregon Supreme Court and this court have considered whether this statute precludes a public employee from pursuing an action for breach of contract, as petitioner first did here. *Maddox v. Clac. Co. Sch. Dist. No. 25,* 293 Or 27, 643 P2d 1253 (1982);

---

[4] On appeal, the districts contend that the more applicable statute is *former* ORS 19.230(2), *renumbered as* ORS 34.102(2) (1997), which provides that, with certain exceptions that are not relevant here, "the decisions of the governing body of a municipal corporation acting in a judicial or quasi-judicial capacity and made in the transaction of municipal corporation business shall be reviewed only as provided in ORS 34.010 to 34.100, *and not otherwise.*" (Emphasis added.) The districts did not cite that statute below, however, so the trial court did not consider it or rely on it in granting the districts' motion to dismiss. In any event, we need not decide which statute is the most applicable one or what the differences, if any, may be between them. Here, our decision is the same under either statute.

*Machunze v. Chemeketa Community College,* 106 Or App 707, 709-14, 810 P2d 406 (1991); *Cole v. Chemeketa Community College,* 58 Or·App 77, 647 P2d 935 (1982). *See also Henthorn v. Grand Prairie School Dist.,* 287 Or 683, 601 P2d 1243 (1979). In *Maddox,* the court concluded that a probationary teacher, "whose employment was terminated one month into his one-year school term," could not pursue a breach of contract action because, in his case, the "termination grounds and procedures [were] governed by a source other than the contract [*viz.,* a statute] and the contract note[d] the existence and controlling effect of. that other source." 293 Or at 29, 33. The court observed, however, that *"[t]hose interests of the parties which exist by virtue of the contract* (e.g., [in that case] compensation) *may be protected by contract remedies."* 293 Or at 33 (emphasis added). That principle did not apply in *Maddox,* however, because the "[p]laintiff's freedom from improper termination * * * [did] not arise from the contract," but rather "exist[ed] by virtue of [a] statute." *Id.* Similarly, in *Cole,* rights the employee sought to enforce "existed by reason of" a source outside the contract. Thus, the employee was limited to a writ of review proceeding and was not entitled to enforce those rights through a breach of contract action. *Cole,* 58 Or App at 83. *See also Machunze,* 106 Or App at 711, 713-14 (holding that the plaintiff could not sue in contract because he had no contract right to a hearing, but recognizing that, in both *Maddox* and *Cole,* the courts had said that contract rights could be vindicated in an action for breach of contract).

■■   We distill the following rule from those decisions: Where an action seeks to enforce rights that arise from the terms of a contract, rather than from an extra-contractual source, such as a statute or an employer rule or handbook, the action may be brought in contract, even though it might otherwise also be able to be brought in a writ of review proceeding. As the court said in *Maddox,* 293 Or at 33, "[t]hose interests of the parties which exist by virtue of [a] contract * * * may be protected by contract remedies." The writ of review statutes do not alter that rule or serve to abolish established common-law remedies. *See also Shockey,* 313 Or at 421-22 (availability of writ of review does not supplant action for common-law tort of wrongful discharge). But, if the

rights to be enforced have their source outside the contract, then writ of review is the sole remedy.[5]

Applying that rule here leads directly to the conclusion that the trial court erred and that petitioner may pursue her action for breach of contract. Petitioner's agreement with the districts provided that her employment could be terminated before the expiration of the employment agreement only with "good and just cause." The agreement further gave petitioner the right "to a written statement of grounds for [the] proposed termination and, thereafter, [to] a due process hearing," including the right to be represented by retained counsel, to confront adverse witnesses, and to a written decision "describing [the districts'] findings and conclusions." And, finally, the agreement explicitly stated that the provision for a "due process hearing" did not constitute "a waiver of any rights" that petitioner or the districts might have "to enforce this employment contract." The districts do not suggest that any authority, other than the contract, gave petitioner the right to have her employment terminated only on "her written concurrence."[6] Moreover, the parties appear to

---

[5] The basis for this rule may be less clear than the rule itself. *See Ettner v. City of Medford,* 155 Or App 435, 963 P2d 149, *rev den* 328 Or 40 (1998) (considering whether possible availability of writ of review procedure bars action for unlawful discharge). It may be that a substantive standard or a procedural remedy available *only* pursuant to a contractual agreement and not a statute (for example, in this case, petitioner's contractual right to a discharge based on good cause and the right to a "due process" hearing) properly cannot be said to call for the exercise of "judicial or quasi-judicial" authority, as those terms are used in the writ of review statutes. *See* ORS 34.040(1) (writ available in such cases); ORS 34.102(2) (same). Alternatively, it may be that the writ of review statutes do not evince a legislative intent to supplant common-law tort and contract remedies. *Shockey,* 313 Or at 422; *Ettner,* 155 Or App at 441-42 (De Muniz, P. J., concurring). Were this a case where the source of the right was *both* a contract and a statute (for example, where the contract, without cross-referencing the statute, independently granted rights to an employee identical to those that were also statutorily secured), the differing possible rationales for the rule might dictate different conclusions about the available forms of action to vindicate the right. This case, however, falls squarely within the situation contemplated by the Supreme Court's decision in *Maddox—i.e.,* a right that has its source only in the contract—and thus can be resolved without more precisely identifying the basis for the rule that *Maddox* announced.

[6] Indeed, the districts did not concede below that petitioner had any such right, even under the contract. In their answer to petitioner's complaint, the districts sought reformation of that provision in the contract so that it would provide for the termination of the agreement on good and just cause, but "without," rather than "with," her written concurrence. Because it dismissed petitioner's complaint on the districts' motion, the trial court did not reach that issue, and neither do we.

agree that here the only possible statutory source for the rights either to employment termination based only on "good and just cause" or for a "due process termination hearing" is *former* ORS 342.663, *renumbered as* ORS 332.544 (1993).[7] This court has held, however, that the hearing provided for by that statute is only an "informational" one, akin to a legislative hearing, and that, under the statute's terms, a school board need not decide whether a dismissal was based on cause. *Crampton v. Harmon*, 20 Or App 676, 683, 533 P2d 364 (1975). Whatever the precise nature and scope of the rights secured by the "supplemental employment agreement,"[8] petitioner had them as a result of the agreement only, not as the result of any statute or employer rule. It follows that, under *Maddox*, she could seek to enforce those contractual rights through an action for the breach of the agreement.

The only other extra-contractual source cited by the districts is one of their rules providing that "[a]ny employee may be dismissed at any time for cause and through the provisions of the Oregon Statutes" and permitting employees not subject either to the jurisdiction of the Fair Dismissal Appeals Board or to a collective bargaining agreement (neither of which apply in petitioner's case) to "request a hearing" with the board. That rule adds nothing to petitioner's contract, which protects her from firing in the absence of not just "cause" but "good and just cause" and which entitles her not only "to request" a board hearing, but to receive one complete with a panoply of rights, including representation by counsel, confrontation of adverse witnesses, and the right to a written decision complete with findings and conclusions.

In sum, the rights petitioner seeks to enforce in this case—the need for her written concurrence, the requirement that the employment agreement can be terminated only with

---

[7] *Former* ORS 342.663 (1991) provided that for "classified school employees"—including "all employees of a public school district except those for whom a teaching or administrative license is required as a basis for employment in a public school district," and except for those employees "subject to the civil service provisions of ORS chapter 242" (a category which does not include petitioner)—an employee "who has been demoted or dismissed shall be entitled to a hearing before the school board within 15 days of the dismissal or demotion."

[8] We express no opinion as to the merits of petitioner's claims.

good and just cause, and the provision for a "due process termination hearing," as that term is defined in the agreement itself—flow from the agreement, and not from an outside source, such as a statute or an employer rule. For that reason, petitioner properly could pursue her remedy in contract and the trial court erred in dismissing her complaint that was based on a breach of contract theory.

The districts nevertheless attempt to avoid that conclusion by emphasizing the contract language that refers to state law and the districts' rules. The reference has less significance than the districts attribute to it. The employment agreement does not state that the statutes or rules modify or limit any of the express provisions of the agreement, but only that the parties agree that "the validity and legal effect of th[e] agreement is subject to applicable" laws and rules. In any event, as we have noted above, no statute or rule is the source of the rights petitioner seeks to enforce in her contract action and none prevents a school district from contracting to provide whatever added rights the employment agreement provides.

■ Finally, the districts argue that petitioner "waived" any right she may have had to enforce her rights in contract when she asked for and received a hearing before the district boards. The districts rely on *Machunze*, and on *Spada v. Port of Portland*, 55 Or App 148, 637 P2d 229 (1981). Neither of those decisions supports the districts' "waiver" argument, however. In *Machunze*, the plaintiff had *no* contractual right to a hearing. 106 Or App at 711. Therefore, he had no contract right to "waive." In *Spada*, the plaintiffs chose first to pursue an administrative remedy; when that failed, they sued for breach of contract. 55 Or App at 152-53. This court held that, by pursuing the administrative remedy first, the plaintiff had "elected" that remedy and could not thereafter sue in contract. *Id.* at 154. *Spada* is therefore inapposite. The administrative remedy that the plaintiffs pursued there was unrelated to their contract and nothing in the contract permitted or required them to seek such a remedy. Thus, when they sought administrative review, rather than suing in contract, they had "elected" to pursue a remedy other than a contractual one. Here, in contrast, and as demonstrated above, petitioner's rights to concur in the premature termination of

the contract, to termination only on "good and just cause," and to a "due process hearing" (as that term is defined in the agreement), are a result of the agreement itself. In seeking such a hearing, petitioner did not eschew the agreement; she followed it. If she "elected" anything here, then it was to pursue her contractual remedies. That choice, of course, is not inconsistent with her subsequent contract complaint.

Reversed and remanded.