LEO J. GARTSU *vs.* KEVIN COLEMAN *et al.*

JUNE 25, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

104

BAKER, J. This is a petition for mandamus brought in the superior court praying that the petitioner be reinstated to the office of captain in the police department of the city of Woonsocket in this state. The respondents constitute the board of police commissioners of that city. No question of procedure or pleading is involved. After a hearing a justice

of the superior court granted the petition and a judgment was entered ordering the issuance of a writ of mandamus as prayed. From the entry of that judgment respondents duly prosecuted their appeal to this court.

It appears without dispute that in 1929 petitioner was appointed as a patrolman in the police department. In 1945 he was promoted to the position of captain in that department. The respondents became members of the board of police commissioners of Woonsocket on January 5, 1953. On the following day, while petitioner was on vacation, the board met and voted two to one to demote him from his position of captain to that of patrolman, to become effective January 19, 1953. No charges whatever were filed against petitioner by respondents or by any other person. He was not notified to be present at the above meeting and in fact was not there. No hearing was held and he was not given an opportunity to be heard or to be represented by counsel. The petitioner was promptly notified of the above action by the board and thereafter filed the instant petition.

It is agreed by the parties that the following statutes are applicable and controlling in respect to the questions raised in this case. By public laws 1935, chapter 2246, a board of police commissioners for the city of Woonsocket was established. That chapter contained the following pertinent provisions:

> "Sec. 6. Said board of police commissioners shall have authority to appoint, remove, and control the chief of police, the police matrons and all other attaches of the police department of said city as said city is now or hereafter may be constituted, and shall have authority to make all needful rules and regulations for their efficiency, management, and direction, not inconsistent with the laws of the state. All the powers now vested in the police commissioner of said city, or other competent authority, concerning the qualifications, appointment, removal, organization, compensa-

tion, term of office, discipline, or control of the police or police surgeons and police matrons and all other attaches of the police department of said city by the statutes of the state, or by special laws relative to said city, or by ordinance of said city, or by rule or regulation of the board of aldermen or otherwise, except as in this act otherwise provided, are hereby conferred upon and vested in said board of police commissioners. * * *"

"Sec. 9. Said board of police commissioners may remove from office at any time any officer appointed by it or placed under its control by law * * *."

Thereafter the above-quoted portion of sec. 9 of chap. 2246 was amended by P. L. 1936, chap. 2429, to read as follows:

"Sec. 9. Said board of police commissioners may dismiss at any time the chief of police, police matrons, officers and all other attaches of the police department appointed by the board or placed under its control by law, for cause, which may be violation of law, flagrant or persistent violations of the rules and regulations legally prescribed by said board, inefficiency, incapacity, insubordination, conduct unbecoming an officer, or other just cause; *provided, however,* that no chief of police, police matron, or police officer shall be dismissed unless he has received a written copy of the charge or charges that have been preferred against him, not less than fifteen days before the meeting, at which such charge or charges are to be considered, and unless such person, if he so requests it, has been given a public hearing before said board, and had an opportunity to be present, heard and represented by counsel, and unless the charge or charges has or have been admitted or substantiated; *and provided, further,* that the board of police commissioners may suspend any chief of police, police matron, or other police officer for cause, pending a hearing, but that suspension shall not involve loss of salary unless the cause is sufficient to justify dismissal, as provided in this section."

Broadly speaking petitioner contends that he was entitled to be notified of the charges against him, to be given a

public hearing, and to be represented by counsel before he could properly be demoted by the board from captain to patrolman. On the other hand, respondents maintain that chapter 2429 does not apply under the facts appearing herein; that in the case of demotion petitioner was not entitled to receive a copy of the charges against him and to be given a public hearing thereon; and that the board's action in the premises was legal and within its powers.

It is clear that under chap. 2246, especially secs. 6 and 9, the board of police commissioners of Woonsocket was given broad and general powers over the police department in respect to the appointment, removal and control of the members thereof and in the making of rules and regulations necessary for their efficiency, management and direction. When the chapter was enacted it was apparently expected that all details in that connection would be governed largely by the rules and regulations of the department.

However, nothing in the existing rules and regulations has been brought to our attention which has any bearing on the determination of the questions raised by the parties under the instant petition. In exercising the powers given by such chapter, it is obvious that the board at times acts in an administrative capacity and at times in a quasi-judicial capacity depending upon the nature of the duties it performs. In our judgment the board in demoting the petitioner from captain to patrolman in the circumstances here was acting in the last-named capacity. See *Garvin* v. *McCarthy*, 39 R. I. 365.

In support of his position, petitioner has cited the case of *Bergeron* v. *Batchelor*, 46 R. I. 224, 229, 230. The actual decision, which was based on the specific and peculiar facts there involved, is not controlling in fact in the instant case. However, certain language used by the court in construing a similar statute and in setting out certain principles of law, in our judgment, applies to the case now before us. The

*Bergeron* case, which was decided in 1924, concerned the *demotion* by the board of police commissioners of the city of Woonsocket of two sergeants who previously had been patrolmen in its police department. The pertinent statutes in effect at that time were P. L. 1911, chap. 661, as amended by P. L. 1912, chap. 902. An examination of those chapters shows that sec. 3 of chap. 661, as amended by chap. 902, contains substantially the same language as sec. 6 of chap. 2246, which we are now considering, in so far as the authority of the board to appoint, remove and control the members of the police department is concerned. Also sec. 7 of chap. 661 is similar to sec. 9 of chap. 2246, prior to its amendment by chap. 2429, in respect to the power of the board to remove a police officer at any time.

In discussing the meaning, intent and scope of the material provisions of chap. 661 as amended by chap. 902, the court stated: "To the Board of Police Commissioners the legislature has confided the duty and the power to provide for and to maintain protection of life and property in the city of Woonsocket. Having given great and comprehensive authority to the board for these vital public purposes, it is not reasonable to suppose that such authority was intended to be restricted without good reasons and a clear expression of such intention. The protection of the public by an efficient police force is the paramount object of the act. Secondary thereto is the intention to protect members of the police force from arbitrary action by the board; not to create a life tenure of office, but to prevent the demoralization of the force by frequent and unfair changes. * * * The effect of the act in our opinion is to forbid demotions, removals or other punishment for misconduct or incapacity except upon charges made, notice and trial. But the power of the board, acting in good faith to make changes in the police force necessary for the protection and welfare of the community is not so restricted.

Changes, however, can not be made as a pretext or device to accomplish some other end than the one alleged. * * * Upon consideration of the entire act, we think it was the intention of the legislature thereby to forbid the arbitrary demotion or removal of a police officer without proper reason but not to withhold from the board the power to make changes necessary for efficient administration." In view of the similarity of the statutes under consideration we are of the opinion that, in so far as the intent of the legislature is concerned with respect to the authority of the board, the above language applies to the facts in the instant case.

The question then is whether the amendment of sec. 9 of chap. 2246 by the passage of chap. 2429 indicates a legislative intent to change the general construction placed upon the acts considered by this court in the *Bergeron* case. In our judgment no such legislative intent is shown as to sec. 6, which is here involved. Whatever may have been the legislative intent in amending sec. 9 by the passage of chap. 2429, the latter neither directly nor indirectly repealed sec. 6 of chap. 2246. Therefore it did not prevent the application of principles stated in the *Bergeron* case to the construction of the statutes pertinent to the present case. Here it is plain that the board was acting under its general power to remove or control as set out in said sec. 6. In fact, in argument the board admitted that to be the case and disclaimed any and all intent to act under sec. 9 as amended.

While the petitioner argues among other things that he is given certain rights by reason of the provisions of chap. 2429, it is our opinion that we are not obliged to pass on that question or on the scope and application of sec. 9 as amended, in view of the peculiar circumstances herein and the principles of law which this court heretofore stated in the *Bergeron* case and which we have referred to in the earlier portion of this opinion. It is therefore our conclu-

sion that, under the law as set out in that case in construing statutes substantially analogous to those now before us, the board should not have demoted petitioner in the circumstances except upon "charges made, notice and trial."

Although the board purported to act under its general power to remove and control a member of the police department, it is clear from the record before us that in so doing it was really acting in a judicial and not a purely administrative capacity. Under the undisputed facts its demotion of the petitioner from captain to patrolman was, in our opinion, intended by them as "punishment for misconduct or incapacity" and was effected in an arbitrary and illegal manner. If it appeared that the board had actually exercised its "power to make changes necessary for efficient administration" in the police department, or to make "changes in the police force necessary for the protection and welfare of the community," as stated in the *Bergeron* case, the question before us would be different.

The appeal of the respondents is denied, the judgment appealed from is affirmed, and the cause is remanded to the superior court.

### ON MOTION FOR REARGUMENT.
#### AUGUST 4, 1954.

PER CURIAM. After our opinion in the above cause was filed the respondents asked and received permission to present a motion for leave to reargue. Pursuant thereto they have filed such a motion, stating therein certain reasons on which they base their contention that justice requires a reargument of the cause. We have carefully considered those reasons and we are of the opinion that they suggest nothing which in the circumstances warrants such reargument.

Motion denied.

*Quinn & Quinn, Joseph R. Weisberger,* for petitioner.

*Israel Rabinovitz,* City Solicitor of Woonsocket, for respondents.