Argued and submitted March 20, affirmed July 8, reconsideration denied August 28, petition for review denied September 29, 1987 (304 Or 186)

## DIVERSIFIED PROPERTIES, INC.,
*Appellant,*

*v.*

## CITY OF SPRINGFIELD,
*Respondent.*

(16-84-08086; CA A39492)

738 P2d 1010

Robert L. Ackerman, Springfield, argued the cause and filed the briefs for appellant.

Edward C. Harms, Springfield, argued the cause for respondent. With him on the brief was Joseph J. Leahy, Springfield.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff[1] in this class action appeals from an amended order denying its motion for partial summary judgment.[2] Plaintiff asserts that a resolution which defendant's city council adopted in 1977 was insufficient to justify the city's later imposition of a three percent surcharge on the cost of all street assessments financed by Bancroft bonds. The surcharge was imposed to cover administrative costs related to various street projects. We affirm.

In 1977, the Springfield City Council adopted Resolution 77-182, which provides that three percent "shall be computed on and added to the cumulative assessable costs of construction, engineering, advertising and warrant interest to arrive at a total assessable amount" in street assessments financed through Bancroft bonds. Plaintiff alleges that, since the adoption of the resolution, the city has added three percent to all of its Bancroft bond street assessments and has included that amount in specific ordinances levying the assessments on the properties benefitted. Properties which plaintiff owns have been the subject of some of those post-1977 ordinances, and it has used Bancroft bonds to pay assessments on some of that property. The council adopted all of the specific ordinances more than 60 days before plaintiff filed its complaint.

Plaintiff asserts that resolution 77-182 is ineffective for a number of reasons and seeks a judgment declaring it invalid and ordering the city to return the money it has collected as a result of the resolution. However, plaintiff attacks the wrong action by the wrong method. Even if the resolution were otherwise reviewable, it did nothing which directly affected plaintiff. Rather, the resolution ordered the city's employes to include certain amounts in computing future

---

[1] Plaintiff is a property owner in Springfield and seeks to represent other affected property owners in this class action.

[2] Although orders denying summary judgment are not appealable in themselves, the amended order denying this motion certified that the issue involves a controlling question of law or fact on which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate determination of the litigation. Thereafter, we allowed plaintiff's petition for an interlocutory appeal. Such a procedure is permissible in a class action. ORS 19.015; ORAP 14.10. The trial court has not yet certified the proposed class.

assessments for street improvements. It is, at most, an intermediate order. Only the various assessment ordinances directly affected plaintiff. Plaintiff could have attacked those ordinances by asserting that the amounts assessed were improper. However, it had to do so by writ of review, ORS 223.401; ORS 34.020, and there is a 60-day limit for seeking that writ. ORS 34.030. That plaintiff claims to be seeking a contractual remedy does not affect the exclusive nature of the writ of review procedure. *See Cole v. Chemeketa Community College,* 58 Or App 77, 647 P2d 935, *rev den* 293 Or 521 (1982).[3] Because plaintiff may not attack the resolution in the fashion it attempts to do, the trial court did not err in denying the motion.

Affirmed.

---

[3] *See also Brooks v. Dierker,* 275 Or 619, 552 P2d 533 (1976) (even if declaratory judgment is an alternative to a writ of review, it is limited by the 60-day limitation period applicable to writs of review).