Argued and submitted October 2, affirmed in part, reversed in part and remanded November 18, 1987, Koch's reconsideration and City of Portland's reconsideration denied January 15, both petitions for review allowed March 22, 1988 (305 Or 433)

# KOCH,
*Appellant,*

*v.*

# CITY OF PORTLAND et al,
*Respondents.*

## (A8509-05763; CA A39374)
745 P2d 435

Robert D. Durham, Portland, argued the cause for appellant. With him on the briefs was Kulongoski, Durham, Drummonds & Colombo, Portland.

David Wilson, Portland, argued the cause for respondents. With him on the brief was Bullard, Korshoj, Smith and Jernstedt, Portland.

Before Warden, Presiding Judge, and Richardson and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiff appeals from a judgment for defendants in this combined action for a writ of review, declaratory judgment and damages. In each claim, plaintiff, who at the relevant times was a lieutenant in the Portland Police Bureau, attacks the sanction of a ten-day suspension without pay imposed on him for an alleged breach of a disciplinary rule. Plaintiff asserts that he did not violate the rule and that, if he did, the rule infringes on his constitutionally protected right to speak freely. We are unable to reach the merits of the case. Instead, we affirm, on jurisdictional grounds, the trial court's dismissal of the petition for a writ of review, reverse its dismissal of the other claims and remand.

A writ of review is available to review "any process or proceeding before or by any inferior court, officer, or tribunal * * *." ORS 34.020. The court may review only the inferior body's "judicial or quasi-judicial" actions. ORS 34.040. The Mayor of Portland, in his role as Police Commissioner, imposed the suspension on the recommendation of the Chief of Police. Plaintiff received no hearing and does not claim that he had a right to one. The city's Civil Service Board refused to review the Mayor's action on the ground that it had no jurisdiction over a suspension of so short a duration. An action of a city council, taken after a hearing, is the action of an inferior tribunal reviewable by writ of review. *See Cole v. Chemeketa Community College,* 58 Or App 77, 647 P2d 935, *rev den* 293 Or 521 (1982). However, plaintiff did not seek review by the City Council, and there is no indication that he had a right to a review. The Mayor's action was an administrative determination by the head of a department; it was not a "judicial or quasi-judicial" act of an "inferior court, officer, or tribunal * * *." *See Graziano v. City Council of Canby,* 35 Or App 271, 581 P2d 552, *rev den* 284 Or 341 (1978). The trial court did not have writ of review jurisdiction.

The trial court dismissed the petition for a writ of review, because it held for defendants on the merits. It then dismissed the remaining claims as moot. Our holding that the trial court should have dismissed the petition on jurisdictional grounds necessarily revives those other claims. In a writ of review proceeding, the trial court determines whether there is substantial evidence in the record to support the city's action.

ORS 34.040(3). In a declaratory judgment action, on the other hand, the court makes its own factual determinations. ORS 28.090. Although, in its opinion, it suggested how it would determine the facts, the trial court did not actually do so. We therefore reverse its dismissal of the declaratory judgment and damage claims and remand for further proceedings.

Dismissal of writ of review affirmed; otherwise reversed and remanded for further proceedings.