Argued and submitted May 4, the decision of the Court of Appeals reversed and
remanded to Court of Appeals for consideration of the merits of the issues
August 30, 1988

KOCH,
*Respondent/Cross-Petitioner on Review,*

*v.*

CITY OF PORTLAND et al,
*Petitioners/Cross-Respondents on Review.*

(TC A8509-05763; CA A39374; SC S34777, S34783)

760 P2d 252

Robert D. Durham, Kulongoski, Durham, Drummonds &
Colombo, Portland, argued the cause and filed the petition for
respondent/cross-petitioner on review.

David H. Wilson, Jr., Bullard, Korshoj, Smith & Jernstedt,
P.C., Portland, argued the cause and filed the petition for
petitioners/cross-respondents on review.

LENT, J.

## LENT, J.

The issue is whether a Portland police officer may use a writ of review proceeding in circuit court to challenge a suspension imposed on him by the Mayor of the City of Portland. The circuit court proceeded under ORS 34.010 to 34.100, governing the writ of review, and held against plaintiff on the merits. The Court of Appeals reversed, holding that there was no writ of review jurisdiction because the suspension was in the exercise of an administrative, rather than a judicial or quasi-judicial, function. *Koch v. City of Portland,* 88 Or App 335, 745 P2d 435 (1987). We reverse the decision of the Court of Appeals and remand to that court for consideration of the merits of the issues argued by the parties.

Plaintiff was a lieutenant in the Portland Police Bureau. In May 1985, plaintiff had a telephone conversation with a public figure who was neither a member of the police bureau nor a city official. The conversation concerned possible disciplinary sanctions that might be imposed on two officers other than plaintiff as a result of a well-publicized controversy. This conversation came to the attention of the Chief of Police. The Internal Investigations Division of the Portland Police Bureau investigated the claim that plaintiff's action violated police bureau order 310.10.[1]

After investigating the matter, the investigations division sustained the complaint that plaintiff had violated order 310.10 and recommended a 10-day suspension. That recommendation was approved by the chief and forwarded to the Mayor of the City of Portland, who ordered the suspension in his capacity as Commissioner of Public Safety.

Plaintiff then sought a writ of review from the circuit court and also sought declaratory and injunctive relief. The court issued the writ. After the return of the writ and a hearing, the court denied plaintiff any relief, entered judgment for

---

[1] The order provides:

> *"310.10 Conduct, Professional*
>
> "Members shall not publicly criticize the Bureau of Police, it's [sic] policies, programs, actions or officers or perform any acts or make any written or oral statements which would impair or diminish the orderly and effective operations, supervision or discipline of the Bureau of Police."

defendants on the merits of the writ of review claim and dismissed the claims for declaratory and injunctive relief.

The Court of Appeals reversed, stating:

"'The Mayor's action was an administrative determination by the head of a department, it was not a 'judicial or quasi-judicial' act of an 'inferior court, officer or tribunal * * *.'"

88 Or App at 337. The court then held that the trial court lacked writ of review jurisdiction because the writ is available only to review judicial or quasi-judicial acts.

Writs of review are governed by ORS 34.010 to 34.100. The most relevant statute for determining whether the writ of review procedure may be used in a specific situation is ORS 34.040, which provides:

"The writ shall be allowed in all cases where the inferior court including a district court, officer or tribunal other than an agency as defined in ORS 183.310(1) in the exercise of judicial or quasi-judicial functions appears to have:

"(1) Exceeded its jurisdiction;

"(2) Failed to follow the procedure applicable to the matter before it;

"(3) Made a finding or order not supported by substantial evidence in the whole record;

"(4) Improperly construed the applicable law; or

"(5) Rendered a decision that is unconstitutional,

"to the injury of some substantial interest of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ."

There is no question that the Mayor of Portland is an officer other than an agency as defined by ORS 183.310(1).[2] Furthermore, there was a process or proceeding leading to a decision by the Mayor to the injury of a substantial interest of plaintiff. The only real issue, therefore, is whether the decision suspending plaintiff was made "in the exercise of judicial or quasi-judicial functions" or was made in the exercise of some other type of function.

---

[2] ORS 183.310(1) requires an officer or agency to be a *state* officer or agency to be considered an agency for the purposes of the Administrative Procedures Act (APA). If the Mayor were an agency as defined by ORS 183.310(1), he would have had to comply with the APA in imposing the suspension.

The distinction made by the Court of Appeals was between quasi-judicial acts and "administrative determination[s] by the head of a department." *Koch v. City of Portland, supra,* 88 Or App at 337. This is a false dichotomy. All acts of agencies and administrative officers are, in one sense or another, administrative. The question is whether this particular administrative action is quasi-judicial. If it is, the writ of review is available to review it.

■ Both parties agreed that the Mayor's action was quasi-judicial, but the Court of Appeals held that it was not. Administrative action may be quasi-judicial, legislative, or purely ministerial. This court has previously distinguished judicial or quasi-judicial functions from legislative (rule-making) functions. A judicial or quasi-judicial function is one that involves or requires an adjudicatory process. A typical adjudicatory process results in a decision, applies pre-existing criteria to concrete facts and is directed at a closely circumscribed factual situation or a relatively small number of persons. *Strawberry Hill 4 Wheelers v. Benton Co. Bd. of Comm.,* 287 Or 591, 602-03, 601 P2d 769 (1979).

■ In this case, the action taken resulted in a decision. The Mayor had either to accept or reject the recommendation. Once the investigation commenced, a determination whether plaintiff had violated order 310.10 was necessary. The process applied a pre-existing criterion, order 310.10, to the facts that the investigation revealed. The process was concerned with a single factual situation and determined the rights of one person. Under the test of *Strawberry Hill 4 Wheelers,* this was an exercise of a quasi-judicial function.

*Strawberry Hill 4 Wheelers* did not distinguish judicial or quasi-judicial functions from purely ministerial functions, but rather distinguished quasi-judicial from legislative functions. Nevertheless, the test in *Strawberry Hill 4 Wheelers,* because it identifies the qualities necessary for a quasi-judicial act, is sufficient to distinguish a quasi-judicial act from any other type of act, including those that are purely ministerial. To the extent that defendants' arguments that the Mayor's actions were quasi-judicial rather than administrative are arguments that the action was non-ministerial, we agree. The record reveals that the Mayor's action in disciplining plaintiff was not merely ministerial.

The investigation in this case, while it did not include a full-scale, oral evidentiary hearing, did cover all aspects of the factual situation in some detail. The investigator interviewed both plaintiff and the person with whom plaintiff communicated in possible violation of police rules, and the investigator also interviewed two others who had some knowledge of the situation. The transcripts of both interviews are part of the record on which the decision was made. The evidence was weighed and a decision was made applying the rule to the factual situation as shown by the evidence. The Mayor had the discretion to find whether plaintiff had violated the rule and to determine the type and degree of sanction imposed. Plaintiff had a due process right to some sort of hearing before being suspended. He did receive a hearing. Any hearing determining a violation and its consequences in this situation is quasi-judicial. We conclude, therefore, that the suspension of plaintiff was pursuant to the exercise of a quasi-judicial function, not pursuant to the exercise of either a legislative or ministerial function.[3]

The decision of the Court of Appeals is reversed and the case is remanded to the Court of Appeals for consideration of the merits of the issues argued by the parties.

---

[3] Other jurisdictions also consider the imposition of sanctions on municipal employees to be a quasi-judicial function. *See, e.g., Gartsu v. Coleman,* 82 RI 103, 106 A2d 248 (1954).