Argued and submitted December 2, 1988, affirmed February 22, 1989

DECKER et al,
*Appellants,*

*v.*

CLARK et al,
*Respondents.*

(A8711-06989; CA A48881)

769 P2d 228

Will Aitchison, Portland, argued the cause for apellants. With him on the briefs were David A. Snyder and Aitchison & Moore, Portland.

Harry Auerbach, Deputy City Attorney, Portland, argued the cause and filed the brief for respondents.

Before Joseph, Chief Judge, and Graber and Rossman, Judges.

GRABER, J.

## GRABER, J.

Plaintiffs are two former sergeants in the Portland Police Bureau who were dismissed in November, 1987, on grounds that included their alleged purchase and use of cocaine over a period of years. In this civil action, they claim that the terminations violated their rights under the Oregon and United States Constitutions. They seek reinstatement, back pay and attorney fees under Article I, section 12, of the Oregon Constitution[1] and under 42 USC § 1983. Defendants are the City of Portland and its mayor, who was also the Police Commissioner. The trial court granted summary judgment to defendants on all of plaintiffs' claims. We hold that plaintiffs' exclusive state remedy was by writ of review and that there was no federal constitutional violation and, therefore, affirm.

In August, 1987, plaintiffs were ordered to appear at investigatory interviews and to answer questions concerning their alleged cocaine use. They appeared but refused to answer questions unless they were given the transactional immunity that Article I, section 12, requires before a person may be compelled to answer incriminating questions. *See State v. Soriano,* 68 Or App 642, 684 P2d 1220, *opinion adopted* 298 Or 392, 693 P2d 26 (1984). Instead, the Bureau provided use and derivative use immunity, which satisfies the requirements of the Fifth and Fourteenth Amendments. *See Kastigar v. United States,* 406 US 441, 92 S Ct 1653, 32 L Ed 2d 212 (1972).[2] Plaintiffs continued to refuse to answer the investigators' questions after the grant of that immunity.

In October, the Chief of Police ordered plaintiffs to appear for disciplinary hearings. Three of the four charges against each plaintiff related to alleged cocaine use; the remaining one charged failure to obey orders by refusing to answer questions when ordered to do so. On November 6, 1987, the Chief found that all of the charges had been proved and terminated plaintiffs' employments. They filed this action one week later. They do not challenge any of the Chief's findings on the cocaine related charges. Rather, they assert

---

[1] Plaintiffs do not identify any specific form of action that would afford them the relief that they seek under the state constitution.

[2] *See State v. Soriano, supra,* 68 Or App at 644 n 3, for a description of the various forms of testimonial immunity.

that the failure to provide them transactional immunity both invalidated the disobedience charges and also made it impossible for them to defend adequately against the cocaine related charges because of the threat of criminal prosecution based on what they might say. The lack of transactional immunity, they argue, violates their due process rights under the Fourteenth Amendment, as well as their right under Article I, section 12, not to testify against themselves.

■ The first question is the method by which plaintiffs may raise those issues. The firings were quasi-judicial decisions of an inferior tribunal and were reviewable by writ of review. *See* ORS 34.040; *Koch v. City of Portland,* 306 Or 444, 760 P2d 252 (1988). ORS 34.020 provides that a party to a proceeding before such a tribunal "may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100, *and not otherwise.*" (Emphasis supplied.) Although plaintiffs brought this action within the time limits for a writ of review, and although at least some of the relief that they seek would be available under that writ, they did not bring the case as a writ of review but as a civil action within the circuit court's general jurisdiction. Because the writ of review is the exclusive method for seeking judicial review of the Chief's actions, the trial court did not err in granting summary judgment to defendants on the state claims. *See Diversified Properties, Inc. v. City of Springfield,* 86 Or App 325, 738 P2d 1010 (1987).[3]

■ Assuming that plaintiffs may bring their claim under 42 USC § 1983 in state court independently of the writ of review statutes, *see Rogers v. Saylor,* 306 Or 267, 760 P2d 232 (1988), that claim fails. The testimonial immunity that the Bureau provided plaintiffs satisfied federal constitutional requirements. It was, therefore, not a violation of their federal constitutional rights to discipline them for refusing to comply with orders to answer questions after they had received that immunity.

---

[3] Even if we were to construe plaintiffs' complaint as a petition for a writ of review, were to ignore the failure to comply with the procedural requirements for such a petition, *see* ORS 34.030, and were to hold that the issue was properly before the trial court, plaintiffs still would not be entitled to relief. The cocaine related charges, which plaintiffs do not challenge, support the discharges independently of plaintiffs' refusal to answer questions.

There was also nothing improper about proceeding with the disciplinary hearing despite the failure to provide transactional immunity. Plaintiffs received a hearing that included an opportunity to present their side of the case. If they did not believe that the immunity that the Bureau offered was sufficient, they could, and did, refuse to testify at the hearing.[4] They had an opportunity to present other favorable information if they wished to do so. Their decision not to testify did not prevent the Bureau from conducting the hearing any more than a criminal defendant's decision not to testify prevents a court from conducting a trial. The Supreme Court's statement that an employe should be given "an opportunity to present his side of the story," *Cleveland Bd. of Educ. v. Loudermill,* 470 US 532, 546, 105 S Ct 1487, 84 L Ed 2d 494 (1985), does not require that the employe be immunized from all liability as part of the opportunity. Plaintiffs received all that federal due process requires.

Affirmed.

---

[4] Nothing in the record suggests that the Chief drew any inferences against plaintiffs because of their failure to testify at the hearing or that his decision on what sanction to impose was affected by that failure.