Argued and submitted March 2, reversed and remanded with instructions April 22, reconsideration allowed by opinion July 22, 1992

STATE ex rel Gary PARMENTER
and Ramon PARMENTER,
Gary Parmenter and Ramon Parmenter,
*Appellants,*

*v.*

WALLOWA COUNTY COURT,
Patricia R. Combes, Les Carlsen,
Pat Worthman and Cathy A. Lewis,
*Respondents.*

(90-02-9926; CA A68995)

829 P2d 1054

W. Eugene Hallman, Enterprise, argued the cause for appellants. With him on the brief were D. Rahn Hostetter and Mautz Hallman, Enterprise.

William R. Kirby, Enterprise, argued the cause for respondents. With him on the brief was Kirby, Johnson & Chrisman, Enterprise.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiffs appeal from a judgment denying their request for restitution in a writ of review proceeding. ORS 34.100.[1] We reverse.

In 1989, plaintiffs applied to the Wallowa County Planning Department for a permit to partition their property into three parcels. After their application was denied, plaintiffs appealed the decision to the Wallowa County Planning Commission, which also denied the permit. They appealed to the Wallowa County Court. Although the county court granted the minor partition, it imposed four conditions. Plaintiffs appealed that decision to LUBA and also filed, in circuit court, petitions for an alternative writ of mandamus and a writ of review, as well as an action for a declaratory judgment and injunctive relief. LUBA dismissed the appeal, holding that it had no jurisdiction under ORS 197.015(10)(b)(B).[2] On the basis of the parties' stipulation, the circuit court vacated the peremptory writ of mandamus that had been granted, allowed the writ of review, declared the four conditions void and allowed plaintiffs to proceed with their request for a hearing on restitution under ORS 34.100. The circuit court denied restitution on the basis of judicial immunity.

Plaintiffs argue that the trial court erred in holding that defendants are immune from restitution. Although the parties do not raise it, the threshold question is whether the court had authority to allow the writ of review. This case involves approval of a minor partition. Under ORS 197.015(10) and ORS 197.825, exclusive jurisdiction to review "land use decisions" is vested in LUBA. However, at the relevant time, ORS 197.015(10)(b)(B) (*since amended by* Or Laws 1991, ch 817, § 1) excepted from the definition of "land use decision" a local government's decision

---

[1] ORS 34.100 provides, in part:

"Upon the review, the court shall have power to affirm, modify, reverse or annul the decision or determination reviewed, and if necessary, to award restitution to the plaintiff, or to direct the inferior court, officer, or tribunal to proceed in the matter reviewed according to its decision."

[2] Because the parties did not seek judicial review of LUBA's decision, we do not address that issue. *See Southwood Homeowners v. City Council of Philomath*, 106 Or App 21, 806 P2d 162 (1991).

"[w]hich approves, approves with conditions or denies a subdivision or partition, as described in ORS chapter 92, located within an urban growth boundary where the decision is consistent with land use standards."

ORS 197.825(3)(a) creates an exception to LUBA's jurisdiction and confers authority on circuit courts

"[t]o grant declaratory, injunctive or mandatory relief in proceedings arising from decisions described in ORS 197.015(10)(b) or proceedings brought to enforce the provisions of an adopted comprehensive plan or land use regulations."

ORS 197.805 *et seq* places this matter outside the circuit court's jurisdiction, unless the relief sought is within ORS 197.825(3). *Sauvie Island Agricultural v. GGS (Hawaii), Inc.*, 107 Or App 1, 5 n 2, 810 P2d 856 (1991). Because ORS 197.825(3)(a) does not encompass writ of review proceedings, the court had no authority to allow the writ.

Reversed and remanded with instructions to dismiss petition for writ of review.