On appellants' petition for reconsideration filed May 26, reconsideration allowed; opinion (112 Or App 545, 829 P2d 1054 (1992)) withdrawn; affirmed July 22, reconsideration denied September 30, petition for review denied October 27, 1992 (314 Or 574)

STATE ex rel Gary PARMENTER
and Ramon PARMENTER,
and Gary Parmenter and Ramon Parmenter,
*Appellants,*

*v.*

WALLOWA COUNTY COURT,
Patricia R. Combes, Les Carlsen,
Pat Wortman and Cathy A. Lewis,
*Respondents.*

(90-02-9926; CA A68995)

835 P2d 152

W. Eugene Hallman, D. Rahn Hostetter, and Mautz, Hallman, Baum & Hostetter, Enterprise, for petition.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

This case concerns the denial of plaintiffs' request for restitution in a writ of review proceeding. ORS 34.010 *et seq*. Plaintiffs seek Supreme Court review of our decision instructing the trial court to dismiss their petition for writ of review for want of jurisdiction. 112 Or App 545, 829 P2d 1054 (1992). We treat the petition as one for reconsideration, ORAP 9.15, allow it, withdraw our opinion and reach the merits of plaintiffs' appeal. We affirm the trial court's judgment.

We take the facts from our earlier opinion:

"In 1989, plaintiffs applied to the Wallowa County Planning Department for a permit to partition their property into three parcels. After their application was denied, plaintiffs appealed the decision to the Wallowa County Planning Commission, which also denied the permit. They appealed to the Wallowa County Court. Although the county court granted the minor partition, it imposed four conditions. Plaintiffs appealed that decision to LUBA and also filed, in circuit court, petitions for an alternative writ of mandamus and a writ of review, as well as an action for a declaratory judgment and injunctive relief. LUBA dismissed the appeal, holding that it had no jurisdiction under ORS 197.015(10)(b)(B). On the basis of the parties' stipulation, the circuit court vacated the peremptory writ of mandamus that had been granted, allowed the writ of review, declared the four conditions void and allowed plaintiffs to proceed with their request for a hearing on restitution under ORS 34.100. The circuit court denied restitution on the basis of judicial immunity." 112 Or App at 547. (Footnote omitted.)

ORS 197.015(10) defines "land use decision." At the time of LUBA'S decision and at the time that this writ of review proceeding was brought, ORS 197.015(10)(b)(B) provided that the term "land use decision"

"[d]oes not include a decision of a local government:

"(A) Which is made under land use standards which do not require interpretation or the exercise of factual, policy or legal judgment;

"(B) *Which approves, approves with conditions or denies a subdivision or partition*, as described in ORS chapter 92, located within an urban growth boundary where the decision is consistent with land use standards; or

"(C)   Which approves or denies a building permit under land use standards which do not require interpretation or the exercise of factual, policy or legal judgment." (Emphasis supplied.)

ORS 197.825 contained parallel provisions. Subsection (1) conferred exclusive jurisdiction on LUBA to hear appeals from local land use decisions. Subsection (3) provided that, notwithstanding subsection (1), the circuit court retained jurisdiction:

"(a)   To grant declaratory, injunctive or mandatory relief in proceedings arising from decisions described in ORS 197.015(10)(b) or proceedings brought to enforce the provisions of an adopted comprehensive plan or land use regulations; and

"(b)   To enforce orders of [LUBA] in appropriate proceedings brought by [LUBA] or a party to the [LUBA] proceeding resulting in the order."[1]

In our opinion,[2] we reasoned that the circuit court did not have jurisdiction to proceed by writ of review, because it was not a kind of remedy provided by ORS 197.825(3)(a). 112 Or App at 548. In their petition for review, plaintiffs argue that a writ of review was an available remedy under ORS 19.230(2), which provided, at the relevant time:

"Except for a proceeding resulting in a land use decision as defined in ORS 197.015, for which review is provided in ORS 197.830 to 197.845, the decisions of the governing body of a municipal corporation acting in a judicial or quasi-judicial capacity and made in the transaction of municipal corporation business shall be reviewed only as provided in ORS 34.010 to 34.100, and not otherwise."

ORS 19.230(2) was enacted by Oregon Laws 1987, chapter 793, section 1. However, it substantially duplicates *former* ORS 203.113, which was first adopted in 1981. Or

---

[1] ORS 197.015(10)(b) was amended by Oregon Laws 1991, chapter 817, section 1. That amended version is not applicable here but, under it, the version of paragraph (B) that was enacted in 1989 no longer exists as such. Under the 1991 act, the decisions described in *former* paragraph (B) are now reviewable by LUBA as "limited land use decisions."

[2] Our opinion noted that no judicial review was sought of LUBA's holding that the county's decision came within ORS 197.015(10)(b)(B), and we did not address the merits of that issue. 112 Or App at 547 n 1. We adhere to our view that the issue cannot be reached in this appeal.

Laws 1981, ch 529, § 2; *repealed by* Or Laws 1987, ch 793, § 2. Before 1989, ORS 19.230(2) made a writ of review the exclusive vehicle for review of judicial or quasi-judicial decisions by local governing bodies, with the exception of land use decisions that were subject to LUBA's jurisdiction under ORS chapter 197. ORS 197.825(3)(a) also provided exceptions to LUBA's jurisdiction for ministerial decisions that were not judicial or quasi-judicial and that were made under clear and objective standards and for which there was no right to a hearing under ORS 197.015(10)(b).

In 1989, the legislature amended ORS 197.015 (10)(b) to add that a "land use decision" also does not include a decision of a local government that approved or denied a partition of land located within an urban growth boundary, under ORS chapter 92. That amendment had the corresponding effect of taking such a decision out of the land use exception to ORS 19.230(2). Therefore, that statute, as well as ORS 197.825(3)(a), provided for circuit court jurisdiction over such decisions, although proceedings under the two statutes would differ. It follows that we erred in concluding that the writ of review procedure was jurisdictionally foreclosed by ORS 197.825(3)(a).[3]

We hold that, when this proceeding was in circuit court, ORS 19.230(2) permitted review by writ of review of a local government decision about a partition, because that decision was not a "land use decision." We emphasize that our holding is narrow. Under the 1991 legislation that eliminated the 1989 version of ORS 197.015(10)(b)(B), *see* n 1, *supra*, local decisions to which both ORS 197.825(3)(a) and ORS 19.230(2) can apply *may now* be few. *But see* ORS 197.015(10)(b)(D).[4]

■ We turn to the merits of plaintiffs' appeal. ORS 34.100 provides, as material:

"Upon the review, the court shall have power to affirm, modify, reverse or annul the decision or determination

---

[3] We have not referred to amendments to the statutes considered in this opinion that came after the relevant events or any earlier amendments that are not material to the issues we consider.

[4] We note that *Sauvie Island Agricultural v. GGS (Hawaii), Inc.*, 107 Or App 1, 810 P2d 856 (1991), on which we relied in our original opinion, is inapposite. The matter that the parties sought to litigate in circuit court there was, in substance, a land use decision. Here, by statutory definition, the matter is not a land use decision.

reviewed, and *if necessary, to award restitution to the plaintiff*, or to direct the inferior court, officer, or tribunal to proceed in the matter reviewed according to its decision." (Emphasis supplied.)

The parties entered into a settlement by which they agreed that the conditions that the county attached to the partition approval were void. The parties also agreed that the issue of restitution would be resolved by the court after a hearing. Plaintiffs produced uncontroverted evidence that they incurred expenses because of the county's action. The trial court nevertheless ruled that they were not entitled to restitution, because the county's action was quasi-judicial and was protected by judicial immunity.

Plaintiffs argue that the "court's reasoning presents a conundrum" in that ORS 34.040 limits the writ to cases where judicial or quasi-judicial functions have been exercised. Therefore, plaintiffs maintain, to hold that a tribunal enjoys judicial immunity from restitution "renders [that] language of ORS 34.100 nugatory." Plaintiffs' argument finds support in *Henthorn v. Grand Prairie School Dist.*, 287 Or 683, 691, 601 P2d 1243 (1979). There, the court held that a probationary teacher's remedy for nonrenewal or dismissal under ORS 342.835 could be by writ of review, because the " 'function' to be performed by the school board * * * is 'quasi-judicial' within the meaning of ORS 34.040." In the subsequent decision in *Maddox v. Clac. Co. Sch. Dist. No. 25*, 293 Or 27, 34, 643 P2d 1253 (1982), the court said that, although the teacher did not proceed by writ of review,

"had the termination been set aside on writ of review, the reviewing court was authorized to award 'restitution,' ORS 34.100. Under the present statute, a teacher would have a claim for relief at least for compensation under a contract for the period of employment prior to a proper termination."

We do not read the quoted language in *Maddox* to mean that the inferior tribunal is liable for restitution for expenses incurred because of the tribunal's erroneous action. The context of the discussion about restitution is referable to the plaintiff's argument that the statutory remedy for termination of probationary teachers in ORS 342.835 was inadequate. The claim was for damages against the *school district* after the plaintiff's employment was terminated one month

into the term. We understand the court's reference to restitution to mean that the reviewing court had authority to award as restitution the compensation earned by the plaintiff before a proper termination occurred. The opinion does not imply that restitution could be ordered to be paid by the inferior tribunal (in that case, the school board) for expenses incurred because the board made an erroneous decision.

The structure of ORS 34.100 militates toward the same conclusion. It authorizes the court to affirm, modify, reverse or annul the decision but prefaces the power to award restitution with the words "if necessary." That, too, indicates that entitlement to restitution requires something more than a reversible decision. Here, plaintiffs contend only that they sustained damages by reason of the county court's action in placing void and illegal conditions on a minor partition. Under the circumstances, ORS 34.100 does not authorize a judgment of restitution payable by the county court.

Reconsideration allowed; opinion withdrawn; affirmed.