Argued and submitted February 17, reversed and remanded August 5, petition for review denied November 24, 1998 (328 Or 40)

Kristen A. ETTNER,
*Appellant,*

*v.*

CITY OF MEDFORD,
a municipal corporation,
*Respondent.*

(96-2123-L-3; CA A98376)

963 P2d 149

Lee S. Werdell argued the cause for appellant. With him on the briefs was Werdell & Hanson.

Kimberlee C. Morrow argued the cause for respondent. On the brief were Matt Farmer and Law Office of Robert E. Franz, Jr.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

De Muniz, P. J., concurring.

## HASELTON, J.

Plaintiff appeals, assigning error to the allowance of summary judgment against her claims for employment discrimination, ORS chapter 659, which arise from her termination as a probationary firefighter with defendant City of Medford. The trial court determined that plaintiff's action was precluded because the exclusive means to challenge the alleged unlawful discharge was writ of review. ORS 34.102. We conclude that writ of review was not available and, thus, that it could not be "exclusive." Accordingly, we reverse and remand.

In August 1994, plaintiff began working as a probationary firefighter for defendant. On September 29, 1995, defendant's fire chief issued a letter terminating plaintiff from the fire department because she twice had failed a physical "task performance" test. In June 1996, plaintiff brought this action, alleging that the discharge was based on gender or a perceived disability and was, therefore, an unlawful discriminatory employment practice under ORS 659.030 and ORS 659.425(1)(c) (1989).

Defendant answered, alleging as an affirmative defense:

> "The decision to terminate the plaintiff's employment was a decision by the City of Medford, a municipal corporation, while it was acting in a judicial or quasi-judicial capacity and it was made in the transaction of municipal corporation business; therefore, plaintiff's exclusive remedy for her claims was by way of writ of review pursuant to ORS 34.010 to 34.100, and not otherwise; and because plaintiff has failed to file a writ of review within the appropriate time limits, plaintiff's claims are now barred."

Defendant subsequently moved for summary judgment on that basis, and the trial court granted that motion.

On appeal, plaintiff makes two alternative arguments: (1) Writ of review is not an available means of challenging the discharge decision; and (2) even if writ of review is available, it is not exclusive. We agree with plaintiff's first argument and, consequently, do not address the second.

Two statutes are germane. First, ORS 34.040(1) provides:

"The writ [of review] shall be allowed in all cases in which a substantial interest of a plaintiff has been injured and an inferior court including an officer or tribunal other than an agency as defined in ORS 183.310(1) in the exercise of judicial or quasi-judicial functions appears to have:

"(a) Exceeded its jurisdiction;

"(b) Failed to follow the procedure applicable to the matter before it;

"(c) Made a finding or order not supported by substantial evidence in the whole record;

"(d) Improperly construed the applicable law; or

"(e) Rendered a decision that is unconstitutional."

Second, ORS 34.102(2) provides:

"Except for [inapposite exception], the decisions of the governing body of a municipal corporation acting in a judicial or quasi-judicial capacity and made in the transaction of municipal corporation business shall be reviewed only as provided in ORS 34.010 to 34.100, and not otherwise."[1]

The writ of review statutes further provide that, upon issuance of the writ pursuant to ORS 34.040, the court, officer, or tribunal whose decision "is sought to be reviewed" shall return the writ with a certified copy of the record or proceedings. ORS 34.060. Thereafter, "[u]pon the review, the court shall have power to affirm, modify, reverse or annul the decision or determination reviewed, and if necessary, to award restitution to the plaintiff, or to direct the inferior court, officer, or tribunal to proceed in the matter reviewed according to its decision." ORS 34.100. *See generally* Ronald A. Johnston, *The Writ of Review in Oregon: A Legal Analysis for the Practicing Attorney*, 13 Willamette J 417 (1977).

---

[1] Arguably, ORS 34.020, pertaining to review of decisions by any "officer" is the more appropriate referrent because the discharge decision was made, at least initially, by the fire chief. Nevertheless, defendant has asserted throughout that the City, in fact, made the decision. In all writs in these circumstances, the analysis is identical.

Here, even assuming without deciding that the discharge decision was a "quasi-judicial" decision, plaintiff's employment discrimination complaint does not seek to challenge that decision on any of the grounds specified in ORS 34.040(1)(a)-(e). In particular, there are no allegations pertaining to lack of jurisdiction, failure to follow applicable procedures, or rendition of findings or orders contrary to substantial evidence. Moreover, although plaintiff alleges that defendant *violated* the law, she does not allege that defendant "improperly *construed* the applicable law." Finally, although employment discrimination, and particularly gender-based discrimination, may have constitutional implications in some circumstances, plaintiff's complaint does not allege any constitutional violation. Rather, she merely alleges statutory violations, actionable under chapter 659.

Because none of the "triggers" for the issuance of the writ is present, writ of review is not available as a means for challenging the discharge decision. Because writ of review is not available, the exclusivity provisions of ORS 34.102(2) are inapposite.[2]

Reversed and remanded.

**DE MUNIZ, P. J.,** concurring.

I agree with the majority's holding. I also agree that plaintiff is entitled to prevail in this appeal either if the writ of review is not an "available" remedy, or, even if it is available, it is not an exclusive remedy that precludes this action under ORS chapter 659. I am of the view that the second question is the more important one for purposes of clarifying

---

[2] Defendant relies on *Koch v. City of Portland*, 306 Or 444, 760 P2d 252 (1988). In *Koch*, which involved a challenge to the Portland Police Bureau's imposition of discipline for violation of a Bureau rule, the court merely concluded that the decision was "quasi-judicial" and did not purport to address the application of any of the five "triggers" specified in ORS 34.040 (1)(a)-(e). Indeed, unlike in this case, the plaintiff in *Koch* explicitly alleged a constitutional violation—*viz.*, that the underlying rule impermissibly "infringe[d] on his constitutionally protected right to speak freely." *Koch v. City of Portland*, 88 Or App 335, 337, 745 P2d 435 (1987), *rev'd* 306 Or 444, 760 P2d 252 (1988). *See also Shockey v. City of Portland*, 313 Or 414, 421-22, 837 P2d 505 (1992) (addressing *Koch*). Similarly, in *Decker v. Clark*, 95 Or App 320, 769 P2d 228 (1989), we did not address the applicability of the statutory "triggers," but, as in *Koch*, the plaintiffs in that case explicitly alleged that their terminations violated their rights under the Oregon and United States Constitutions. 95 Or App at 322.

this area of the law and that the answer to it is far clearer than the answer to the first. Because I conclude that the writ of review cannot be plaintiff's exclusive remedy here, I reach the same result that the majority does for different reasons.[1]

ORS 34.020 provides, as relevant, that "any party to any process or proceeding before or by any inferior court, officer or tribunal may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100, *and not otherwise*." (Emphasis supplied.) ORS 34.102 contains corresponding language. The city bases its exclusivity argument on the emphasized phrase and on a number of decisions by the Supreme Court and this court.

The case on which the city relies principally is *Koch v. City of Portland*, 306 Or 444, 760 P2d 252 (1988), which it says, along with other cases, "make[s] clear that the writ of review is the exclusive means by which the decision to terminate can be" challenged. The court held in *Koch* that a disciplinary action against a police officer by the Mayor of Portland, acting in the capacity of police commissioner, was *subject* to review through the writ of review procedure. However, in its later decision in *Shockey v. City of Portland*, 313 Or 414, 837 P2d 505 (1992), a common-law wrongful-discharge action, the court rejected an argument by the defendant city that relied on *Koch* for essentially the same proposition as the city does here. The court said:

> "Defendants next contend that the circuit court lacked subject matter jurisdiction over plaintiff's common law wrongful discharge claim because, defendants assert, plaintiff's sole judicial remedy under state law is a writ of review under ORS 34.010 to 34.100. Defendants rely on *Koch v. City of Portland*, 306 Or 444, 760 P2d 252 (1988), to support that assertion. Defendants' assertion is incorrect, and their reliance on *Koch* is misplaced.
>
> "The sole issue before this court in *Koch v. City of Portland, supra*, was whether the decision of the Mayor of the City of Portland, acting in his capacity as Commissioner of Public Safety, to suspend a Portland police officer 'was

---

[1] It is therefore unnecessary for me to address the first question or the correctness of the majority's answer to it.

made "in the exercise of judicial or quasi judicial functions[.]" ' *Id.* at 447. This court held that the suspension decision was a quasi-judicial act and, therefore, was reviewable by writ of review. *Id.* at 448-49. This court did not hold in *Koch*, or in any other case that has been brought to our attention, that, because writ of review is available to review a termination decision, the affected employee is precluded from bringing an action for damages based on the common law tort of wrongful discharge." *Shockey*, 313 Or at 421-22.

*Shockey* therefore is clear authority for the proposition that the writ of review is not invariably an exclusive remedy when it is available.[2] As noted, *Shockey* involved a common-law wrongful-discharge action, while the present action is one for unlawful employment practices that are actionable under ORS 659.121. To whatever extent that difference leaves *Shockey* short of directly controlling here, the answer to the exclusivity question is even clearer in this case than it was in *Shockey*.

Both the writ of review and the unlawful employment practice remedial scheme are governed by statute in this state. Nothing in the writ of review statutes or in the unlawful employment practices statutes, as they have been construed, expressly indicates that they are mutually exclusive in their operation or that a discharged employee is precluded from pursuing both or electing between them. Viewing the relevant statutes in context, I conclude that the availability of a remedy by writ of review—if one is available—does not bar plaintiff from bringing this action under ORS chapter 659.

ORS 659.010(6) defines "employer" for purposes of the provisions of chapter 659 that are relevant here:

> " 'Employer' means any person who in this state, directly or through an agent, engages or utilizes the personal service of one or more employees, reserving the right to control the means by which such service is or will be performed. 'Employer' also includes any public body that,

---

[2] The city also relies on *Decker v. Clark*, 95 Or App 320, 769 P2d 228, *rev den* 308 Or 405 (1989). Insofar as that case is contrary to *Shockey*, it does not survive the Supreme Court's decision.

directly or through an agent, engages or utilizes the personal service of one or more employees, reserving the right to control the means by which such service is or will be performed, including all officers, agencies, departments, divisions, bureaus, boards and commissions of the legislative, judicial and administrative branches of the state, all county and city governing bodies, school districts, special districts, and municipal corporations, and all other political subdivisions of the state."

Although that definition appears to encompass virtually every imaginable form of governmental employer, the city's argument would make the remedies of ORS chapter 659 illusory in many or most cases where public employers have allegedly engaged in the discriminatory or other conduct that the chapter proscribes. As illustrated by *Koch*, the scope of personnel and employment actions by governmental bodies for which the writ of review is available is wide. At the same time, the matters that are reviewable by writ of review are limited, *see* ORS 34.040, and the relief that the writ of review statutes can provide is neither as broad as the equitable and legal remedies for which ORS 659.121 provides, nor is it targeted at the redress and prevention of discriminatory conduct in the way that the ORS 659.121 remedies are. *Compare* ORS 34.100; *see also State ex rel Parmenter v. Wallowa County Court*, 114 Or App 362, 835 P2d 152, *rev den* 314 Or 574 (1992).

I conclude that the unlawful employment practices statutes and the writ of review statutes are aimed at wholly different problems, and there is no basis in either for inferring a legislative intent that the applicability of one should exclude the availability of the other as an avenue of redress for the respective employment-related matters with which they deal.

Accordingly, I join in the majority's disposition of the appeal.